Jakub J. Madej
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

2:21-CV-02961-FMO-PDx

| | |
|---|---|
| JAKUB MADEJ, | Civil Action No. 21-cv-____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| U.S. BANK NATIONAL ASSOCIATION, d/b/a/ ELAN FINANCIAL SERVICES, | MARCH 28, 2021 |
| | 47 U.S.C. § 227 (TCPA) |
| Defendant. | |

## COMPLAINT FOR VIOLATIONS OF TCPA, 47 U.S.C. § 227

Plaintiff Jakub Madej ("Mr. Madej") alleges:

## NATURE OF THIS ACTION

1. This is a case for damages and injunctive relief against U.S. Bank, N.A., operating as Elan Financial Services, which made at least 47 automatic "robocalls" to Plaintiff's primary phone number on 18 different

days in February and March 2021 to sell its financial services and collect an unspecified alleged debt. These calls harassed Plaintiff, invaded his privacy and forced Plaintiff to change his phone number. Plaintiff has never consented to these calls. Elan never asked for his consent either and never intended to obtain permission to call. Plaintiff now seeks an order finding Elan liable under TCPA, enjoining Elan from further violations of TCPA, and awarding him compensatory and punitive damages for past violations.

## PARTIES

2. Plaintiff Jakub Madej is a natural person.

3. U.S. Bank, N.A. is a federally chartered bank owned by U.S. Bancorp, a bank holding company listed at New York Stock Exchange. Elan Financial Services is a wholly owned subsidiary of U.S. Bank. Terms "Elan Financial Services", "Elan" and "U.S. Bank" are used interchangeably throughout this complaint.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 47 U.S.C. § 227(b)(3) (TCPA).

5. This court has personal jurisdiction over U.S. Bank, N.A. because U.S. Bank regularly transacts business in the Central District and a material portion of the events at issue occurred there.

6.      Venue is proper in Central District of California under 28 U.S.C. § 1391(b) because U.S. Bank regularly transacts business in this District and maintains a registered office in the County of Los Angeles.

## STATUTORY FRAMEWORK AND SOURING REALITY

7.      Congress passed the Telephone Consumer Protection Act (TCPA) in 1991 to protect consumers from unwanted telephone calls, text messages, and faxes. 47 U.S.C. § 227, Pub.L. No. 102–243, 105 Stat. 2394 (Dec. 20, 1991).

8.      As relevant here, TCPA outlaws two practices: (i) using an automatic telephone dialing system or an artificial or prerecorded voice message without the prior express consent of the called party, 47 U.S.C. § 227(b)(1)(A), and (ii) using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227(b)(1)(B).

9.      As TCPA generated a flurry of class action suits, businesses have treated litigation as ordinary course of business. According to the YouMail National Robocall Index (YNRI), Americans received 4.6 *billion* robocalls in February 2021. That's 1,900 calls every *second,* and 14.1 calls per every individual in the country. *See* https://robocallindex.com/ (last visit Mar. 27, 2021).

10.     Americans' outrage at these flagrant violations of law is perhaps best reflected in the titles of various bills introduced in Congress, some of which appear below.

- 3 -

| Name of the Bill | Session of Congress | Became Law? |
|---|---|---|
| Spam Calls Task Force Act of 2019 | 116th Congress | No |
| Ending One-Ring Scams Act of 2019 | 116th Congress | No |
| Tracing Back and Catching Unlawful Robocallers Act of 2019 | 116th Congress | No |
| Locking Up Robocallers Act of 2019 | 116th Congress | No |
| Telephone Robocall Abuse Criminal Enforcement and Deterrence Act (Palone-Thune TRACED Act) | 116th Congress | Yes |

## FACTUAL BACKGROUND

### Elan's Robocalls Violated TCPA

11. Mr. Madej has used (203) 928-8486 as his primary phone number since August 2016 until March 2021. Mr. Madej is the only subscriber of this number.

12. In February and March 2021, Elan Financial Services made at least 47 calls to (203) 928-8486. The total number of unlawful calls will be amended to include every call Elan placed after this complaint has been filed but before trial.

13. To make these calls, Elan used a computerized system that had the capacity to, and in fact did, place autodialed calls. This system operated without human intervention and placed hundreds of calls every hour to hundreds of customers to maximize Elan's operational efficiency.

14. Elan's calls contained prerecorded messages that did not specify the intended recipient but were intentionally anonymized. The voice encouraged the listener to "immediately contact Elan" by calling the number provided in the call but did not name Plaintiff or any other person. Rather, the call began with a vaguely worded words such as "this is an important message." Elan never uses its name in these calls to disguise the true identity of the caller.

15. Elan's calls were intentionally designed not to contain any customized content intended for the particular individual. Rather, all recipients receive an identical standardized message. Elan does so to minimize its operational costs while maximizing profits.

16. Mr. Madej did not consent, whether directly or indirectly, to these calls. In particular, he did not consent to them in writing at any time.

17. Elan's phone did not have any meaningful informational purpose. In fact, Elan's calls failed to state the purpose of the call. These calls were made solely for commercial purposes: to eventually collect an unspecified alleged debt and to market its financial products and "solutions".

18. Elan never intended to connect Mr. Madej with a human agent. Rather, every call contained an identical pre-recorded message designed to encourage the caller to dial Elan during regular business hours. Each call automatically disconnected after the pre-recorded message was played.

19. Elan uses more than 20 different phone numbers in the ordinary course of business to make such "robocalls". Oftentimes, Elan uses most or all these numbers at the same time to make thousands of phone calls simultaneously to thousands of consumers without any human intervention. Elan operates so many different numbers also to avoid detection and disguise the scale of its operations.

20. Elan's calls did not stop when Plaintiff requested that it ceased communication. Instead, Elan continued unabated to harass Mr. Madej.

21. Elan called Plaintiff at an annoying and harassing rate.

22. Elan's conduct caused actual damage to Plaintiff by:
   a. invading his privacy with repeated automatic calls from several numbers at various times of the day;
   b. incurring charges;
   c. reducing Plaintiff's cellular telephone time;
   d. blocking Plaintiff's voicemail by having to manually retrieve and delete the messages left by Elan.

### Elan Deliberately and Knowingly Violated TCPA

-6-

23. Elan knew that its calls to Plaintiff violated TCPA but nonetheless chose to make them.

24. Elan's strategy of harassing individuals and customers with repeated robocalls is a deliberate and calculated business strategy. Plaintiff was not an exception. Elan regularly places between several calls a day at previously specified intervals to various individuals, often from different phone numbers to conceal the caller's true identity and to prevent customers from blocking its calls.

25. Elan did not maintain a Do Not Call policy, as mandated by 47 C.F.R. § 64.1200 (d)(1).

26. Because Elan willfully and knowingly violated TCPA, Mr. Madej is entitled to compensatory damages and treble damages for each violation of TCPA. Accordingly, the Court should find Elan liable and impose full sanctions under the law.

## CLAIM FOR RELIEF

### Counts 1-42
### Violations of 47 U.S.C. § 227(b)

27. Between February 12 and March 7, 2021, Elan Financial Services operated an automatic telephone dialing system capable of storing random and sequential numbers and made at least 42 separate calls to Plaintiff's primary phone number, using said system, which operated without human intervention, in violation of Title 47, United States Code, Section 227 (TCPA).

28. Between February 12 and March 7, 2021, Elan Financial Services willfully and knowingly made 42 separate calls to Plaintiff even though it knew that doing so would violate TCPA because, among other reasons, Plaintiff did not consent to Elan's robocalls, Elan never obtained Plaintiff's written consent to these calls, Elan never intended to obtain Plaintiff's consent to these calls, Elan did not maintain TCPA policies, and Elan did not train its employees to observe such policies, all in violation of Title 47, United States Code, Section 227 (TCPA).

## PRAYER FOR RELIEF

Mr. Madej demands that the Court enter judgment in his favor and against the Dialers, and grant the following relief:

A. Find Dialers liable for violating TCPA, 47 U.S.C. § 227(b), as set forth above;

B. Award statutory damages of $500 for each violation, for a total of $23,500;

C. Find that Dialers willfully or knowingly violated TCPA, for reasons specified above;

D. Award punitive damages of $1,500 for each violation, for a total of $70,500;

E. Award Mr. Madej actual damages, in an amount to be proven at trial, for harassment and actual harm that resulted from Dialers' violations;

F. Enjoin Elan from committing further violations of TCPA;

- 8 -

G.  Grant attorney's fees and reasonable costs and expenses incurred in this litigation;

H.  Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: March 28, 2021.　　　　By: /s/ Jakub Madej
　　　　　　　　　　　　　　　　　　Jakub J. Madej
　　　　　　　　　　　　　　　　　　415 Boston Post Rd, Ste 3-1102
　　　　　　　　　　　　　　　　　　Milford, CT 06460
　　　　　　　　　　　　　　　　　　T: (203) 928-8486
　　　　　　　　　　　　　　　　　　F: (203) 902-0070
　　　　　　　　　　　　　　　　　　E: j.madej@lawsheet.com

900   900   90012   **MX-100**



4069210330-125818880

90012



PRSRT FIRST-CLASS MAIL
U.S. POSTAGE PAID
Wichita, KS
PERMIT# 431



